JOHN W. McGILVERY *vs.* FREDERICK W. CAPEN & another.

A master employed by the owners of a vessel, though paid by the charterer, has no claim upon the charterer for his services, after the wreck of the vessel, in superintending laborers employed by the owners and the underwriters in saving the vessel and cargo.

ACTION OF CONTRACT by the master against the charterers of the Barque Fanny Buck, to recover for his services and expenses at Cape Cod for one hundred and four days from and after the 29th of December 1853, the day of the loss of the vesse on that coast.

At the trial before *Thomas,* J., the plaintiff put into the case the charter party, which commenced upon the delivery of the vessel to the charterers, and by which the owners agreed to keep the vessel tight, staunch, well fitted and tackled; that the whole of the vessel, with the exception of the necessary room for the accommodation of the crew and the stowage of the sails, cables and provisions, should be at the sole use and disposal of the charterers; to receive on board all such lawful goods and merchandise as the charterers might think proper to ship; and to furnish a competent and trustworthy master; and the charterers agreed to pay his wages, and all expenses of victualling and manning, port charges and pilotages, and other expenses of the voyage.

It appeared that after the loss of the vessel, she was abandoned to the insurers, and Isaiah Gifford, acting under an agreement with the master and with an agent of the insurers, saved and brought to Boston all of her cargo that was saved, and then got the vessel off and brought her to Boston, where the insurers, after examining her, paid for her as for a total loss, and sold her by auction to the original owners.

The defendants made no question as to the amount of the plaintiff's charges, nor that he was at Cape Cod during the time charged, superintending the execution of the agreement with Gifford; but they denied their liability to pay him, upon the case above stated; and that question was reserved for the full court.

*W. Brigham*, for the plaintiff.

*R. Choate & E. Bangs*, for the defendants.

BIGELOW, J. There is no evidence of any contract, either express or implied, on which to support this action. The defendants did not hire the plaintiff as master. He was employed by the owners of the vessel, who, by the terms of the charter party, were to furnish a master. The defendants, it is true, agreed to pay a certain sum per month as wages for the master whom the owners employed; but this did not create any privity of contract between the plaintiff and defendants, which will support this action. Nor can the defendants be held liable as owners, of the vessel *pro hac vice* under the charter. All the tests, usually applied to ascertain whether the owners of a vessel still retain, under a charter, their rights and liabilities as owners, show that in the present case the barque was in their possession and control. They employed the master; agreed to keep the vessel tight, staunch and strong during the terms of the charter; reserved a portion of the vessel for the crew, sails, cables and provisions; and agreed to take on board all goods which the defendants should think proper to ship. Even if it were doubtful, on the face of the contract, what was the intent of the parties as to the retention by the owners of their control and possession of the vessel, it would be the duty of the court to construe it to be an agreement for the transportation of cargoes during the period of the charter party, rather than as a letting of the whole ship, which substituted the charterers to all the rights and responsibilities of the owners. Abbott on Ship. 289.

The plaintiff cannot therefore recover on the ground that under the charter party he was employed by the defendants. The services of the plaintiff, after the wreck of the barque, do not appear to have been rendered with the assent or knowledge of the defendants. The charter party was then at an end, and all that was done in saving the vessel and cargo appears to have been in pursuance of the contract made by the owners of the vessel and underwriters with the salvors. If the time and attention given by the plaintiff in superintending the work of the salvors was in fact beneficial to the defendants, it does not fol-

low that they are liable to compensate him therefor. His ser-vices were either performed at the request of some other person who is liable to him, or else as a volunteer; and in either case, there being no proof of any employment of the plaintiff by the defendants, or of a subsequent ratification of his acts by them, he cannot recover by showing that they were incidentally bene-fitted by his services.  *Judgment for the defendants.*